FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

2007 NOV -6  P 12

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

| | |
|---|---|
| JOHNNY MARTINEZ, | |
| Plaintiff, | Case No. 2:05-CV-918 DS |
| v. | |
| MEL MILLER et al., | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |
| Defendants. | |

Plaintiff, Johnny Martinez, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan.*
*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For
screening purposes, the Court "presumes all of plaintiff's
factual allegations are true and construes them in the light most
favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106,
1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must
construe his pleadings liberally and hold them to a less
stringent standard than formal pleadings drafted by lawyers. *Id.*
However, "[t]he broad reading of the plaintiff' s complaint does
not relieve [him] of the burden of alleging sufficient facts on
which a recognized legal claim could be based." *Id.* While
Plaintiff need not describe every fact in specific detail,
"conclusory allegations without supporting factual averments are
insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges deprivation of property
without due process in violation of the Fifth and Fourteenth
Amendments. Plaintiff states that on August 23, 2004, he was
taken from the Garfield County Jail ("jail") to the University of
Utah hospital for diabetes treatment. After spending four days
in the hospital Plaintiff was relocated to the Central Utah
Correctional Facility ("CUCF"). Plaintiff was not told prior to

his transfer that he would not be returning to the Garfield County Jail, thus, Plaintiff did not have an opportunity to gather his belongings and make arrangements for them.  After arriving at CUCF, Plaintiff sent a letter to the jail asking that his property be sent to his new location.  Upon receiving his property, Plaintiff noticed that a number of items were missing, including various food items, a cassette player, and a CD player. When Plaintiff inquired about the missing items, he was told that the jail had no record of them belonging to Plaintiff and that they could not be found.  Plaintiff attempted to obtain property receipts showing that he had purchased the items but was told that receipts are only kept for two weeks.  Plaintiff filed numerous grievances and appeals to no avail.

Plaintiff's Complaint names as defendants the jail commander and two caseworkers at the Garfield County Jail in both their official and individual capacities.  Plaintiff seeks compensatory damages for the loss of his property, punitive damages, and unspecified declaratory relief.

### III. Sufficiency of Plaintiff's Complaint

It is well settled that Section 1983 does not create a cause of action for denial of property without due process where an alternative state remedy provides due process.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984).  In

3

*Hudson*, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Id.* Thus, in a § 1983 action for damages resulting from the unauthorized or random deprivation of property without procedural due process, the plaintiff has the burden of pleading and proving that state processes, including state damage remedies, are inadequate to redress the claimed wrong. *See Gillihan v. Shillenger, 872 F.2d 935, 940 (10th Cir. 1989); Vicory v. Walton, 721 F.2d 1062, 1063 (6th Cir. 1983).* State remedies cannot be deemed inadequate merely because they do not allow the plaintiff to recover the full amount that he might receive in a civil rights action under federal law. *Hudson, 468 U.S. at 535.*

The court finds that the property losses alleged by Plaintiff fall squarely within the reasoning of *Hudson*. Plaintiff's losses allegedly resulted from unauthorized or random actions of government officials, rather than "pursuant to an affirmatively established or de facto policy, procedure, or custom." *See Gillihan, 872 F.2d at 939.* Thus, to state a due process claim, Plaintiff must allege facts showing that state damage remedies were either unavailable to him or inadequate to redress his losses.

Plaintiff's Complaint does not make the required showing. In fact, Plaintiff admits that he never sought redress for his property losses in the state courts.  (Compl. § E.)  And, the Complaint gives no indication that state post-deprivation remedies were somehow denied to Plaintiff.  Thus, based on the Supreme Court's holding in *Hudson*, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this ____ day of November, 2007.

BY THE COURT:

_____

David Sam
United States District Judge